UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALLEN A. IZADPANAH,
Plaintiff-Appellant,

WALTER T. CHARLTON; JOEL A.
DEBOE; FRED A. PAGE; TERRY PAGE;
DOUGLAS STUP; EARL M. CUNARD;
JANICE A. CUNARD; CRAFT
INDUSTRIES, for the benefit of Rudy
Delsack; 87 AIDANT LIMITED
PARTNERSHIP; WILLIAM S.

No. 96-2362

BURROUGHS, JR.,
Intervenors-Appellants,

v.

EDWARD GROSS; ROBERT A. HUMMEL;
FEDERAL COMPUTER CORPORATION;
CHARLES CROWE; AIDANT,
INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-94-1150-A)

Argued: October 30, 1997

Decided: February 13, 1998

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** William S. Burroughs, Jr., Alexandria, Virginia; Joel Augustus DeBoe, Arlington, Virginia; Walter Theodore Charlton, Arlington, Virginia, for Appellants. Edward Gross, EDWARD GROSS & ASSOCIATES, P.C., Fairfax, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allen Izadpanah and his attorneys (collectively,"Appellants") challenge sanctions levied against Izadpanah's attorneys by the district court. We vacate the order of sanctions and remand for further proceedings consistent with this opinion.

I.

In a prior appeal, we affirmed a grant of summary judgment in favor of Charles Crowe, Robert Hummel, Edward Gross, Federal Computer Corporation, and Aidant, Incorporated (collectively, "Appellees"), holding that Izadpanah had failed to raise a genuine issue of material fact regarding any of his several claims against them, including his claim that a consent judgment entered in state court should be vacated because a fraud had been committed on that court. With respect to Appellees' cross appeal of the finding of the district court that Appellants' action was not frivolous and the refusal of the court to impose sanctions, we remanded to the district court the issue of whether Appellants' claim of entitlement to review of the state court judgment warranted sanctions in light of the fact that District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), precludes such review. See Izadpanah v. Gross, 76 F.3d 373 (4th Cir.)

2

(unpublished table decision) (per curiam), <u>cert. denied</u>, 117 S. Ct. 67 (1996).

On remand, the district court, without conducting an evidentiary hearing, found that Appellants "were not serious," J.A. 24, in attempting to distinguish <u>Feldman</u>[1] and that they failed to conduct a reasonable legal investigation.[2] The district court imposed sanctions of $66,868.77, the entire amount of the attorneys' fees and costs Appellees incurred before the district court and this court through April 24, 1996.

II.

Appellants argue that the decision of the district court to sanction Izadpanah's attorneys without conducting an evidentiary hearing constituted an abuse of discretion. We agree.

Rule 11(b) of the Federal Rules of Civil Procedure provides in part that by presenting a pleading to the court, an attorney

_____

[1] We interpret this statement as a finding that Appellants' attempt to distinguish <u>Feldman</u> was made for an "improper purpose." Fed. R. Civ. P. 11(b)(1).

[2] The order also could be susceptible to an interpretation that the basis for the sanction was that Appellants' attempt to distinguish <u>Feldman</u> violated Federal Rule of Civil Procedure 11(b)(2), which provides that in presenting a pleading to a court, an attorney represents that the "legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). However, the district court specifically found in its first order that Appellants' action was not frivolous. And, although we did remand the sanctions issue to the district court, we intended the court to consider only whether Appellants' claims violated those portions of Rule 11 to which the eventual withdrawal of their attempt to distinguish <u>Feldman</u> might be relevant. Because Appellants' decision to withdraw their argument has no bearing on the objective reasonableness of the contention they withdrew, the district court had no reason to reconsider the previous determination that the argument was not frivolous.

is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose ... ; [and]

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

Fed. R. Civ. P. 11(b)(1)-(2). A determination that Rule 11 has been violated is reviewed for an abuse of discretion. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990).

Because the record in its current state cannot support a finding that Appellants had an improper purpose in attempting to distinguish Feldman or that they failed to make a timely and proper legal investigation,**3** we vacate the award of sanctions and remand for further proceedings. On remand, the district court should conduct an evidentiary hearing regarding whether Appellants violated Federal Rule of Civil Procedure 11 regarding their attempts to distinguish Feldman and whether sanctions are appropriate.**4**

VACATED AND REMANDED

_____

**3** Although Appellants withdrew their attempt to distinguish Feldman in their reply brief in the first appeal to this court, it is not reasonable to infer from the withdrawal alone that Appellants had an improper purpose in pursuing the claim or that they failed to conduct a reasonable investigation.

**4** In the event that the district court on remand once again finds a sanction of fees and costs to be appropriate, "[o]nly attorney time which is in response to [Appellants' attempts to distinguish Feldman] should be evaluated." Robeson Defense Comm. v. Britt (In re Kunstler), 914 F.2d 505, 523 (4th Cir. 1990). Fees and costs incurred by Appellees as a result of either appeal should not be awarded. See Cooter & Gell, 496 U.S. at 406-09.